**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RODNEY L. BEARD** **CIVIL ACTION**

**VERSUS** **NO. 25-219-JWD-RLB**

**LIVINGSTON PARISH SHERIFF DEPARTMENT, ET AL.**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to its recommendations, proposed findings of fact, and conclusions of law. Failure to file written objections to the recommendations, proposed findings, and conclusions, within fourteen (14) days after being served, will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 27, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RODNEY L. BEARD** **CIVIL ACTION**

**VERSUS** **NO. 25-219-JWD-RLB**

**LIVINGSTON PARISH SHERIFF DEPARTMENT, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Livingston Parish's Deputy Kenneth Camallo, Jr. ("Deputy Camallo"), Sheriff Jason Ard ("Sheriff Ard"), and Detention Center Warden Lance Landry ("Warden Landry"). (R. Doc. 17). The motion is unopposed.

## I. Background

On March 14, 2025, Rodney L. Beard ("Plaintiff"), proceeding *pro se*,[1] filed suit in this Court against the Livingston Parish Sheriff's Office ("LPSO"), the Livingston Parish Detention Center ("LPDC"), and Deputy Camallo. (R. Doc. 1). As Plaintiff's complaint lacked details, this Court issued an order on May 5, 2025 affording him 21 days to amend his complaint, noting (i) his allegations were vague and conclusory, (ii) he failed to allege the who, when, where, or how for any claim, (iii) the LPSO and the LPDC are not capable of being sued, (iv) defendants cannot be liable under 42 U.S.C. § 1983 unless they were directly involved in conduct causing a deprivation of rights, (v) any allegation that a defendant is responsible for the actions of a subordinate under a theory of vicarious liability or *respondeat superior* is alone insufficient to

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, they are not free "from compliance with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Thus, courts need not "search for or . . . create causes of actions" for *pro se* plaintiffs. *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

state a claim under 42 U.S.C. § 1983, and (vi) absent a direct participation of a supervisor in a constitutional violation, he must allege the deprivation of his rights occurred due to the implementation of a supervisor's wrongful policies or a breach of an affirmative duty imposed by state law. (R. Doc. 2). On June 2, 2025, Plaintiff amended his complaint, removing the LPSO and LPDC and adding Sheriff Ard and Warden Landry. (R. Doc. 3). On April 16, 2026, Deputy Camallo, Sheriff Ard, and Warden Landry ("Defendants") timely filed the instant unopposed motion. (R. Docs. 16; 17).

## II. Law and Analysis

### A. Legal Standards

A Fed. R. Civ. P. 12(b)(6) motion tests the sufficiency of a complaint against Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. To survive such a motion, a complaint must show there is a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In deciding whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but looks for facts supporting the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to survive a Fed. R. Civ. P. 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a motion to dismiss raises the qualified immunity defense, the plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm . . . alleged and that defeat [the] defense with equal specificity." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) (citation omitted).

**B. Deputy Camallo Should Be Dismissed With Prejudice**

The following are the only allegations Plaintiff has made regarding Deputy Camallo: "Petitioner alleges that on or about March 15, 2024, the Defendant, KENNETH J. CAMALLO, JR., arrested the Plaintiff without probable cause leading to his detention in the Livingston Parish Detention Center for approximately Seven (7) days. All criminal charges against the Plaintiff were dropped. The Defendant, Deputy Camallo found no evidence or cause to detain the Plaintiff but did so anyway, depriving the Plaintiff of his civil rights." (R. Doc. 3).

Defendants argue that Plaintiff (i) has failed to show Deputy Camallo did not have probable cause to arrest him and (ii) has failed to show Deputy Camallo is not protected by qualified immunity.

It is apparent to this Court that Plaintiff is attempting to bring a 42 U.S.C. § 1983 Fourth Amendment claim for false arrest against Deputy Camallo. "To prevail in a [42 U.S.C.] § 1983 claim for false arrest, a plaintiff must show that . . . the officers could not have reasonably believed that they had probable cause to arrest the plaintiff for any crime." *Green v. Thomas*, 129 F.4th 877, 886 (5th Cir. 2025) (quotations and citations omitted). "Probable cause means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 391 (5th Cir. 2017), *as revised* (Mar. 31, 2017) (quotations and citations omitted).

Officers are protected by qualified immunity unless there was no probable cause and they were objectively unreasonable in believing there was probable cause. *Id.* "When an individual asserts a claim for wrongful arrest, qualified immunity will shield the defendant officers from suit if a reasonable officer could have believed the arrest at issue to be lawful[.]" *Mendenhall v.*

*Riser,* 213 F.3d 226, 230 (5th Cir. 2000) (quotations and citations omitted) (cleaned up). The qualified immunity standard "gives ample room for mistake" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 343, 341, 106 S. Ct. 1092, 89 L.Ed.2d 271 (1986). However, "a qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause." *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir. 1994) (citation omitted).

Here, Plaintiff has failed to show, through nonconclusory factual allegations, that Deputy Camallo lacked any probable cause to arrest Plaintiff. It is unclear from Plaintiff's amended complaint what Plaintiff was arrested for, what information Deputy Camallo had when the arrest was made, or whether a warrant was issued for Plaintiff's arrest. Plaitniff has not provided any circumstances or context for the arrest. It is only clear that Plaintiff was arrested by Deputy Camallo on March 15, 2024, and Plaintiff has *concluded* Deputy Camallo had no reason to do so. *See Iqbal*, 556 U.S. at 678 ("labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone not enough to withstand Fed. R. Civ. P. 12(b)(6) motion). Accordingly, Plaintiff has neither properly alleged a false arrest claim nor shown that Deputy Camallo is not protected by qualified immunity because he has failed to properly allege that Deputy Camallo had no probable cause to arrest him. As for Plaintiff's allegation that the charges were dropped, "the fact that charges were dismissed 'is of no consequence' when considering a claim of false arrest." *Livingston v. Texas*, 632 F. Supp. 3d 711, 724 (S.D. Tex. 2022), *aff'd*, No. 22-40719, 2023 WL 4931923 (5th Cir. Aug. 2, 2023), (citing *Babb v. Dorman*, 33 F.3d 472, 479 (5th Cir. 1994)). The Court thus finds Plaintiff's claims against Deputy Camallo may be dismissed, and

with prejudice as Plaintiff has already been afforded the opportunity to amend and failed to adequately clarify his claims.[2]

### C. Warden Landry Should Be Dismissed With Prejudice

The following are the only allegations Plaintiff has made regarding Warden Landry: "During [his] incarceration period, the Plaintiff was denied his right to medication by the Defendant, Warden LANCE LANDRY, causing hospitalization for a week in ICU. . . . At all times herein described [] Warden Landry, supervised the detention of the Plaintiff, failing to properly supervise the administration of proper medical treatment." (R. Doc. 3). Defendants argue Plaintiff (i) has not properly alleged a deliberate indifference claim against Warden Landry, (ii) has failed to show Warden Landry is not protected by qualified immunity, and (iii) has not stated a supervisory claim against Warden Landry because he may not bring such a claim based on respondeat superior, he failed to show deliberate indifference, and it is unclear whether Warden Landry had *any* authority over Plaintiff's medical care.

It appears to this Court that Plaintiff is attempting to bring a deliberate indifference claim against Warden Landry for his alleged failure to provide medication to Defendant. A prison official violates the Eighth Amendment's[3] prohibition of cruel and unusual punishment if he or she shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-06 (1976). A prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists[.]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). He or

---

[2] Courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Courts consider factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [due to] the amendment, and futility of the amendment." *Nolan v. M/V Sante Fe*, 25 F.3d 1043 (5th Cir. 1994) (citation omitted).

[3] "[T]he same definition of deliberate indifference applies under the Fourteenth Amendment." *Cleveland v. Gautreaux*, 198 F. Supp. 3d 717, 742 (M.D. La. 2016).

she also must draw that inference. *Id*. Failed treatments, negligence, and medical malpractice are insufficient to give rise to a deliberate indifference claim. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges he or she should have received further treatment also does not raise a claim. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show the official denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*.

Here, Plaintiff again has failed to allege any facts to support his conclusory allegations. It is not clear what medication Plaintiff was denied, what ailments he may have had, how that information was communicated and to whom, why he was eventually sent to the hospital and ICU, or whether Warden Landry had any knowledge regarding any of Plaintiff's medical needs regarding any medications. Plaintiff has only stated, in a very conclusory manner, that he was denied the right to medication by Warden Landry. This is insufficient to properly allege a deliberate indifference claim. For these reasons also, Plaintiff has failed to allege a constitutional claim, so that qualified immunity protects Warden Landry. *See Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006) (citation omitted) ("A government official is entitled to qualified immunity if either (1) the plaintiff failed to state a constitutional claim or (2) the defendant's conduct was objectively reasonable in light of the clearly established law."). And as Plaintiff has been given a chance to amend, and failed to properly allege his claim, his deliberate indifference claim against Warden Landry may be dismissed with prejudice.

It also appears Plaintiff is trying to bring a supervisory liability claim against Warden Landry. Again, qualified immunity applies since Plaintiff has not alleged a constitutional claim against Warden Landry. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal*, 556 U.S. at 676.

"Rather, Plaintiff[] must show that the conduct of the supervisors denied [him] his constitutional rights. When, as here, a plaintiff alleges a failure to train or supervise, the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quotations and citations omitted). Plaintiff has failed to allege *any* facts to show Warden Landry had control or authority over Plaintiff's medical care or over any medical professionals. He also failed to provide any facts to show there was any failure to train, much less any that amounted to deliberate indifference. Thus, Plaintiff's supervisory liability claim fails, and may be dismissed with prejudice, considering Plaintiff's failed amendment.

**D. Sheriff Ard Should Be Dismissed With Prejudice**

The following are the only allegations Plaintiff has made regarding Sheriff Ard: "At all times herein described . . . Sheriff Ard, supervised the arrest and detention of the Plaintiff, failing to administer his office of Sheriff to secure the well being of the Plaintiff and protect his civil rights." (R. Doc. 3). Defendants argue Plaintiff's claims against him fail because (i) there is no vicarious liability for 42 U.S.C. § 1983 claims, (ii) there are no allegations that Sheriff Ard had any personal involvement in the arrest or detention of Plaintiff, and (iii) there are no allegations that a policy implemented by Sheriff Ard caused a constitutional violation. As explained regarding Warden Landry, Plaintiff may not bring a claim against Sheriff Ard based on theories of *respondeat superior*. Plaintiff's one-sentence allegation regarding Sheriff Ard fails to allege anything clearly beyond *respondeat superior*, and it is almost entirely conclusory; the claim may thus be dismissed with prejudice as Plaintiff failed to properly amend.

**III. Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Defendants' unopposed motion (R. Doc. 17) be **GRANTED**, with Kenneth Camallo, Jr., Jason Ard, Lance Landry, and Plaintiff's **CASE NO 25-219-JWD-RLB** being **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on July 27, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**